IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TIMOTHY SCOTT WHALEY,

    Plaintiff,

v.

SUSAN MARY CARROLL
and STATE OF WISCONSIN,

    Defendants.

OPINION and ORDER

Case No. 15-cv-629-wmc

*Pro se* plaintiff Timothy Scott Whaley has filed a proposed civil action against the State of Wisconsin and Susan Mary Carroll, who apparently gave birth to and has sole custody of his son. Whaley claims that the State violated his constitutional rights during and after court proceedings in Oneida County, Wisconsin, which appear to have included custody, visitation and child support issues. Whaley was also apparently charged criminally for failing to pay child support. Based upon these multiple proceedings, among other things, Whaley now claims that defendants are liable for kidnapping, aiding and abetting kidnapping, "illegally running a case out of jurisdiction," unconstitutional extradition, illegal conviction and violations of the Uniform Child Custody Jurisdiction and Enforcement Act and Uniform Interstate Family Support Act. Whaley also seeks monetary damages, injunctive relief, and the imposition of criminal charges against defendants.[1]

This case was transferred from the Northern District of Florida on September 30, 2015. Because Whaley is proceeding without prepayment of the filing fee, his complaint must be screened by this district under 28 U.S.C. § 1915 to determine whether he may

---

[1] Even if this court had subject matter jurisdiction over Whaley's claims, this court cannot order that any defendant be charged criminally. Ultimately, that is the sole discretion of the prosecutor's office, not a judicial office. Regardless, criminal charges are *not* an available remedy in a civil lawsuit, be it state or federal.

proceed, although he is held to a "less stringent standard" in crafting pleadings *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under this relaxed pleading standard, however, Whaley may not proceed with this lawsuit because this court lacks jurisdiction over his claims.

A federal court is one of limited jurisdiction. Generally, this court may only consider cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Assuming all of Whaley's allegations are true, this case falls into neither category.

Because Whaley is suing the State of Wisconsin, which is not a "citizen" of a state, there is no jurisdiction under § 1332. *State Highway Comm'n of Wyoming v. Utah Const. Co.*, 278 U.S. 194, 200 (1929) (state is "not a citizen" under § 1332). Nor does Whaley articulate any *legitimate* federal question. Although Whaley contends that the state violated his rights under the Fifth, Sixth and Eighth Amendments of the United States Constitution, he has not alleged any facts suggesting that he may have a claim under any of these constitutional provisions or any other federal law.

Even if there were an arguable basis for the exercise of federal jurisdiction, this court would still be compelled to decline federal jurisdiction. First and foremost, Whaley plainly challenges orders entered by the Oneida County Circuit Court concerning *child support obligations and visitation rights*. These issues fall within the area of family or domestic relations, which is governed by state law. *See Rose v. Rose*, 481 U.S. 619, 625 (1987) (*quoting In re Burrus*, 136 U.S. 586, 593-94 (1890)) ("[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of

the United States."); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."); *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956) ("[T]here is no federal law of domestic relations, which is primarily a matter of state concern."). Federal courts *must* refrain from exercising jurisdiction over claims that would interfere with domestic-relations issues that belong in state court. *See Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859 (7th Cir. 2007).

Second, lower federal courts are precluded by the *Rooker-Feldman* doctrine from reviewing state-court judgments, such as the award of child support or denial of visitation. The *Rooker-Feldman* doctrine prevents a party "complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. *Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005). *See also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Whaley's only remedy is to appeal an adverse state judgment on child support or visitation through the state highest court, and if no relief is provided, directly to the United States Supreme Court via a petition for *certiorari* review, though admittedly this is almost never granted.

Moreover, a litigant may not avoid the *Rooker-Feldman* doctrine simply by casting his complaint in the form of a civil rights action, as Whaley appears to be attempting here. *See Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993). Rather, litigants who feel that a state court proceeding has violated their federal constitutional rights must also appeal that decision through the state court system and as appropriate to the United States Supreme Court. *See Golden v. Helen Sigman & Assoc., Ltd.*, 611 F.3d 356, 361-62 (7th Cir. 2010) (holding that *Rooker-Feldman* barred review of claims related to a state court divorce and child custody proceedings); *T.W. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) (applying *Rocker-*

*Feldman* to a Wisconsin child-custody decision); *Liedel v. Juvenile Court of Madison County*, 891 F.2d 1542 (11th Cir. 1990) (finding that *Rooker-Feldman* and *Younger* abstention doctrine bar federal court jurisdiction over a case involving ongoing child custody dispute, notwithstanding claims of violation of constitutional rights to due process) (*citing Younger v. Harris*, 401 U.S. 37 (1971)).

Finally, any challenge to a state court criminal conviction would be barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which prohibits a plaintiff from bringing claims for damages under § 1983 if judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." In other words, to the extent Whaley is effectively attempting by this lawsuit to undo the effects of his state court conviction, he cannot bring such claims unless his conviction has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. Because Whaley has not made such a showing, any claims challenging a state court conviction are barred.

For all of the foregoing reasons, Whaley's complaint must be dismissed for lack of subject matter jurisdiction.

## ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

Entered this 22nd day of February, 2016.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge